■ FARNUM HOLZEL, Respondent, v ERNEST MATHEWS et al., Respondents, and CODMAN & SHURTLEFF, INC., Appellant. —

Concur — Fein, J. P., Silverman, Bloom and Carro, JJ.

Lupiano, J., dissents in a memorandum as follows: The appeal herein is from an order of Trial Term denying the motion of defendant Codman & Shurtleff, Inc., the manufacturer of a rongeur (a surgical instrument used to cut bone), for permission to fully participate in the medical malpractice panel hearing, in this matter. The defendant-appellant seeks not to vacate the medical malpractice mediation panel's finding, but seeks permission to participate meaningfully in the future hearing. The order is in my view appealable (cf. *Conklin v Montefiore Hosp. & Med. Center,* 74 AD2d 792; *Calvin v Schlossman,* 74 AD2d 265). I adhere to the conceptual underpinnings of the analysis expressed in my dissent in *Conklin v Montefiore Hosp. & Med. Center (supra).* The procedural nuances raised herein are such that no constraint is imposed upon me by the majority holding in the *Conklin* case. In *Conklin,* the trial had been completed by the time of the appeal and the panel had made no recommendation. The majority in *Conklin* noted (p 793): "we are informed that at the time of oral argument the trial was already in its fifth week and that defendants' cases had already begun and the medical malpractice mediation panel's report received in evidence. Since then we have been informed that the jury has rendered its verdict finding appellant and certain other defendants liable. The practical effect of a ruling on the present appeal would be to determine whether the report of the medical malpractice mediation panel should or should not have been received at the trial — a question which will presumably come up on the appeal from the judgment, if there is one. The present appeal is thus somewhat analogous to an attempted appeal from a ruling made during the course of a trial; such appeals are uniformly dismissed. (See 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.04; *Matter of Skyliner Diner v Board of Assessors of County of Nassau,* 54 AD2d 712.) In the circumstances, we think dismissal of the appeal is a preferable course, without prejudice to any

contention that may be made on the appeal from the judgment after trial". In the instant matter, the trial has not yet been held and the appeal is not from a ruling of the panel itself, but from denial of full participation in the hearing to be held by such panel. I therefore conclude that as the malpractice claim and the products liability claim herein are *inextricably intertwined,* the defendant manufacturer is entitled to participate fully in the hearing before the medical malpractice panel. In conclusion, I again allude to and urge careful consideration of the "due process" issue which arises by virtue of the status accorded the expert opinion of the panel's doctor and lawyer at the subsequent trial (see *Conklin v Montefiore Hosp. & Med. Center, supra,* pp 796-798).